UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUN 1 1 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| LEOPOLDO ALBA-ONTIVEROS, Petitioner, | § § § | |
| v. | § § | CIVIL ACTION NO. B-02-038 CRIMINAL NO. B-01-070 |
| UNITED STATES OF AMERICA, Respondent. | § § § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Leopoldo Alba-Ontiveros has filed a timely 28 U.S.C. § 2255 Application to Vacate, Set Aside or Correct Sentence. For the reasons set out below, Petitioner's 28 U.S.C. § 2255 Application should be DENIED.

### BACKGROUND

On April 3, 2001, Petitioner pleaded guilty without a plea agreement to illegal reentry after deportation, 8 U.S.C. § 1326(a) & (b). Petitioner received a 16-level increase in his guideline score for a prior aggravated felony. After adjustments, his guideline level was 21 and he possessed a criminal history level of V. Therefore, the applicable imprisonment range was from seventy (70) to eighty-seven (87) months. On June 28, 2001, the District Court sentenced Petitioner to seventy (70) months incarceration.

On June 28, 2001, Petitioner filed a notice of appeal and on April 29, 2002, the Fifth Circuit Court of Appeals dismissed the appeal. On February 27, 2002, Petitioner filed this timely 28 U.S.C. § 2255 Application.

### ALLEGATIONS

This Court interprets Petitioner Alba-Ontiveros' § 2255 Petition to allege the following:

1) that Petitioner Alba-Ontiveros received ineffective assistance of counsel in that his attorney failed to adequately define "aggravated felony" to Mr. Alba-Ontiveros, who does not read or write either the Spanish or English language; and

2) Petitioner alleges that his sentence is illegal due to the Supreme Court's ruling in *Apprendi v. New Jersey*.[1]

## ANALYSIS

### Ineffective Assistance of Counsel Claim

The standard for ineffective assistance of counsel, as guaranteed by the Sixth Amendment, was announced by the Supreme Court in the case of *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.[2]

In order to demonstrate that his attorney's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness."[3] In so doing, a convicted defendant must carry the burden of proof and

---

[1] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[2] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[3] *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Strickland v. Washington*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir.

overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance.[4] The courts are extremely deferential in scrutinizing the performance of counsel and make every effort to eliminate the distorting effects of hindsight.[5] It is strongly presumed that counsel has rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.[6] An attorney's strategic choices, usually based on information supplied by the defendant and from a thorough investigation of relevant facts and law are virtually unchallengeable.[7] Counsel is required neither to advance

---

1997); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994), *cert. denied*, 513 U.S. 1114 (1995); *Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir. 1992), *cert. denied*, 507 U.S. 1056 (1993); and *Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992), *cert. denied*, 504 U.S. 992 (1992).

[4] *See Strickland v. Washington*, 466 U.S. at 687-91; *Jones v. Cain*, 227 F.3d 228, 231 (5th Cir. 2000) (holding that trial counsel's decision not to put defendant on the stand in light of defendant's prior criminal record is a judgment call which seldom, if ever, will support a claim of ineffective assistance); *Green v. Johnson*, 160 F.3d 1029, 1035 n.1 (5th Cir. 1998), *cert. denied*, 525 U.S. 1174 (1999); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997), *cert. denied*, 523 U.S. 1099 (1998); *Belyeu v. Scott*, 67 F.3d 535, 538 (5th Cir. 1995), *cert. denied*, 517 U.S. 1144 (1996); *Duff-Smith v. Collins*, 973 F.2d at 1182. A federal habeas petitioner must carry the burden of demonstrating both counsel's deficient performance and resultant prejudice. *See Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993); *Martin v. Maggio*, 711 F.2d 1273, 1279 (5th Cir. 1983), *cert. denied*, 469 U.S. 1028 (1984).

[5] *See Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993); *Burger v. Kemp*, 483 U.S. 776, 789 (1987); *Strickland v. Washington*, 466 U.S. at 689; *United Stats v. Drones*, 218 F.3d 496, 500-03 (5th Cir. 2000); *Carter v. Johnson*, 131 F.3d at 463; *Williams v. Cain*, 125 F.3d 269, 276 (5th Cir. 1997), *cert. denied*, 525 U.S. 859 (1998); *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997); *United States v. Gaudet*, 81 F.3d 585, 592 (5th Cir. 1996); and *Belyeu v. Scott*, 67 F.3d at 538. The deficiency prong of *Strickland* is judged by counsel's conduct under the law existing at the time of the conduct, *see Westley v. Johnson*, 83 F.3d 714, 723 (5th Cir. 1996), *cert. denied*, 519 U.S. 1094 (1997), and in view of the facts and resources available at the time of trial. *See Williams v. Cain*, 125 F.3d at 276, *citing Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994), *cert. denied*, 513 U.S. 960 (1994).

[6] *See Strickland v. Washington*, 466 U.S. at 690; and *Duff-Smith v. Collins*, 973 F.2d at 1182.

[7] *See Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998), *cert. denied*, 528 U.S. 895 (1999); *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997), *cert. denied*, 522 U.S. 944 (1997); *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997) (stating that "a conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness"); *Boyle v. Johnson*, 93 F.3d 180, 187-

every non-frivolous argument nor to investigate every conceivable matter inquiry into which could be classified as non-frivolous.[8] A criminal defense counsel is not required to exercise clairvoyance during the course of a criminal trial.[9] Likewise, the Sixth Amendment does not require that counsel do what is impossible or unethical; if there is no bona fide defense to the charge, counsel is not required to create one.[10]

The proper standard for evaluating counsel's performance under the Sixth Amendment is

---

88 (5th Cir. 1996), *cert. denied*, 519 U.S. 1120 (1997) (holding that an attorney's decision not to pursue a mental health defense or to present mitigating evidence concerning the defendant's possible mental illness was reasonable where counsel was concerned that such testimony would not be viewed as mitigating by the jury and that the prosecution might respond to such testimony by putting on its own psychiatric testimony regarding the defendant's violent tendencies); *West v. Johnson*, 92 F.3d 1385, 1406-09 (5th Cir. 1996), *cert. denied*, 520 U.S. 1242 (1997) (holding that a trial counsel's failure to conduct further investigation into the defendant's head injury and psychological problems was reasonable where interviews with the defendant and the defendant's family failed to produce any helpful information); *Bryant v. Scott*, 28 F.3d 1411, 1435 (5th Cir. 1994), *citing Strickland v. Washington*, 466 U.S. at 691; and *Andrews v. Collins*, 21 F.3d at 623 (holding that counsel acted reasonably in failing to further pursue the defendant's mental capacity or background where counsel had no reason to believe that further investigation would be useful).

[8] *See Neal v. Cain*, 141 F.3d 207, 214-15 (5th Cir. 1998), (holding that petitioner's complaints regarding counsel's failure to raise specific defenses did not satisfy prejudice prong of *Strickland* where proposed defenses were without merit); *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) (ruling that "counsel cannot be deficient for failing to press a frivolous point"); *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) (opining that "counsel is not required by the Sixth Amendment to file meritless motions"); *Smith v. Collins*, 977 F.2d 951, 960 (5th Cir. 1992), *cert. denied*, 510 U.S. 829 (1993) (revealing that "the defense of a criminal case is not an undertaking in which everything not prohibited is required. Nor does it contemplate the employment of wholly unlimited time and resources"); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) (stating that "counsel is not required to make futile motions or objections"); and *Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985) (holding that defense counsel is not required to investigate everyone whose name is mentioned by the defendant).

[9] *See Sharp v. Johnson*, 107 F.3d 282, 290 n.28 (5th Cir. 1997), *citing Garland v. Maggio*, 717 F.2d 199, 207 (5th Cir. 1983) (holding that clairvoyance is not a required attribute of effective representation). *See also Lackey v. Johnson*, 116 F.3d at 152 (ruling that trial counsel was not ineffective for failing to discover evidence about which the defendant knew but withheld from his counsel).

[10] *See United States v. Cronic*, 466 U.S. 648, 656 n.19 (1984); and *Jones v. Jones*, 163 F.3d at 303.

"reasonably effective assistance."[11] "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."[12] "Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."[13] In order to establish that he has sustained prejudice, the convicted defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[14] The prejudice prong of *Strickland* focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair; unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him.[15]

The *Strickland* test has been applied to challenges to guilty pleas based on allegations of ineffective assistance of counsel.[16] To demonstrate prejudice in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for the alleged errors of his

---

[11] *Strickland v. Washington*, 466 U.S. at 687; *Bullock v. Whitley*, 53 F.3d 697, 700 (5th Cir. 1995).

[12] *Strickland v. Washington*, 466 U.S. at 691, 104 S.Ct. at 2067.

[13] *Id.*

[14] *Williams v. Taylor*, 529 U.S. at 391; *Strickland v. Washington*, 466 U.S. at 694.

[15] *Williams v. Taylor*, 529 U.S. at 393 n.17; *Strickland v. Washington*, 466 U.S. at 692.

[16] *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1996); *Randle v. Scott*, 43 F.3d at 225; and *Armstead v. Scott*, 37 F.3d at 206.

attorney, he would not have pleaded guilty but would have insisted on going to trial.[17]

Because a convicted defendant must satisfy <u>both</u> prongs of the *Strickland* test, a failure to establish either deficient performance or prejudice under that test makes it unnecessary to examine the other prong.[18] Therefore, a failure to establish that counsel's performance fell below an objective standard of reasonableness avoids the need to consider the issue of prejudice.[19] It is also unnecessary to consider whether counsel's performance was deficient where there is an insufficient showing of prejudice.[20] Mere conclusory allegations in support of claims of ineffective assistance of counsel are insufficient, as a matter of law, to raise a constitutional issue.[21] Here, Alba-Ontiveros' claims of ineffective assistance are conclusory and do not rise to the constitutional standard in which he must prove in order to be granted relief. In can be determined from the record that Petitioner's lawyer's performance was at the very least

---

[17] *See Hill v. Lockhart*, 474 U.S. at 58-59; *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000), *cert. denied*, 531 U.S. 919 (2000); *United States v. Payne*, 99 F.3d at 1282; *Mangum v. Hargett*, 67 F.3d 80, 84 (5th Cir. 1995), *cert. denied*, 516 U.S. 1133 (1996); *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995); *Randle v. Scott*, 43 F.3d at 225; and *Armstead v. Scott*, 37 F.3d at 206.

[18] *See Strickland v. Washington*, 466 U.S. at 700; *Ransom v. Johnson*, 126 F.3d at 721; *Green v. Johnson*, 116 F.3d at 1122; *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995); and *Armstead v. Scott*, 37 F.3d at 210. *See also Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993) (holding that the defendant bears the burden of proof on <u>both</u> prongs of the *Strickland* test).

[19] *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990); and *Thomas v. Lynaugh*, 812 F.2d 225, 229-30 (5th Cir. 1987), *cert. denied*, 484 U.S. 842 (1987).

[20] *See Black v. Collins*, 962 F.2d at 401; *Bates v. Blackburn*, 805 F.2d 569, 578 (5th Cir. 1986), *cert. denied*, 482 U.S. 916 (1987); and *Martin v. McCotter*, 796 F.2d 813, 821 (5th Cir. 1986), *cert. denied*, 479 U.S. 1057 (1987).

[21] *See Kinnamon v. Scott*, 40 F.3d 731, 735 (5th Cir. 1994), *cert. denied*, 513 U.S. 1054 (1994); *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994); *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990); *Russell v. Lynaugh*, 892 F.2d 1205, 1213 (5th Cir. 1989), *cert. denied*, 501 U.S. 1259 (1991); *United States v. Woods*, 870 F.2d 285, 288 n.5 (5th Cir. 1989); and *Ross v. Estelle*, 694 F.2d 1008, 1011-12 & n.2 (5th Cir. 1983).

"reasonably effective."

### *Apprendi* Claim

Alba-Ontiveros' claim that his conviction violates *Apprendi,* is without merit. *Apprendi* claims are not cognizable on collateral review, nor is *Apprendi* retroactive to cases on collateral review by circuits.[22]

Even if *Apprendi* claims were deemed cognizable, Alba-Ontiveros would still not be entitled to relief. Petitioner argues that the "aggravated felony" provision of 8 U.S.C. § 1326(b)(1) is an essential element of the offense, rather than a sentencing enhancement factor, and that it must be pled in the indictment. This argument was expressly rejected by the Supreme Court.[23]

### RECOMMENDATION

For the reasons stated above, it is recommended that Petitioner's 28 U.S.C. § 2255 Application be DENIED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[24]

---

[22] *Ashley v. United States,* 266 F.3d 671 (7th Cir. 2001).

[23] *Almendarez-Torres v. United States,* 523 U.S. 224, 226-27, 118 S.Ct. 1219 (1998).

[24] *Douglass v. United States Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this \_\_\_10th\_\_\_ day of March 2002.

*[signature]*

Felix Recio
United States Magistrate Judge